OPINION of the Court, by
Ch. J. Edwards.
— On the 12th of April 1803, John Cowan, the appellant, and James C. Price, the appellee, entered into an agreement, subscribed by their hands and sealed with their seals, in the words following *. “ Memorandum of an agreement made this day, between James Price and John Cowan; said Price agrees to take in his boat and convey to New-Orleans, one hundred and fifty barrels of flour, if said Cowan shall have so much ready, and to sell the same for the best price that can be had there ; to bring the money arising from the sale of said flour to said Cowan, near Danville Kentucky ; the said Cowan agrees to pay Said Price for each barrel as above two dollars, and permits said Price to purchase for said Cowan, a horse to pack the money upon ; when said horse, if alive, is to be delivered to said Cowan; and the said Cowan obliges himself to make up the full quantity of 150barrels.” Upon this agreement Cowan brought suit and recovered judgment to the amount of four hundred dollars against Price, and Smith, his appearance bail ; to be relieved against which, they exhibited their bill in chancery, in the Garrard circuit court, praying that the judgment aforesaid should be perpetually enjoined, or that a new trial should be granted, alleging as causes therefor, many circumstances which seem to constitute a conscientious and legal ground of defence, which are strongly supported by the testimony in the cause, yet nevertheless it is only such a defence as ought properly to have been made at law.
The said Price alleges, as a reason for failing to make his defence at law, he was informed by Thomas T. Davis, his attorney, that the court at which the cause was to be tried, would not be held till some time in September ; whereby he was deceived, and prevented from attending with his witnesses at the trial.
Smith, the other appellee, alleges that he was absent at the time of trial, and supposed special bail had been given, and he released as appearance bail.
To all, except the statements made by the complainants relative to the cause of their failing to make defence at law, Cowan answered by either confessing or deny- *174 ihg the complainapts’ allegations, and concludes by re»' quiring that the complainants should make due proof of every allegation in their bill not confessed by his answer»
On this view of the case, it seems necessary to decide whether the appellees have shewn a reasonable excuse for not making their defence at law ; for the general rule is, that where there is a defence which might have been made at common law, equity will not relieve, unless he who applies to a court of chancery shews that his. not making his defence at law was occasioned by particular circumstances, not arising from his own neglect or inattention. This principle was settled upon very solemn argument, in the case of Cunningham and Caldwell, in this court; and we still think it a rule founded upon policy as well as justice ; calculated to restrain a litigious disposition, which might induce one party to harrass his adversary by an unnecessary, tedious and expensive round of litigation from one court to another ; necessary for keeping up the proper boundaries of courts of law and equity; and highly conducive of the ends of justice, by producing a speedy termination of litigation. Whether the appellees have brought them» selves within the exception to the rule, depends on a point warmly contested at the bar. By the appellant’s counsel it has been contended, that there is no proof that the cause assigned as the reason for failing to make the defence at law ever existed ; and that it was incumbent on the appellees to have proved that Davis did deceive the appellee Price, with regard to the time at which the court was holden; more especially as proof thereof was required by the appellant’s answer. On the other hand it has been contended, that as the fact alleged is not answered or denied, it must be considered as conceded by the appellant, and consequently that proof thereof is not necessary. This latter principle seems to the court to be untenable in the latitude in which it is contended. One object of a bill in chancery is some times to compel a discovery of facts by an appeal to the oath of the defendant himself; and where he fails to answer proper interrogatories put to him, and suggested to be within his knowledge, the most regular mode of proceeding would be to except to the answer, and thereby compel one more specific, general or satisfactory : but that this course shall always be pursued, *175 ®r that a defendant shall not be considered as admitting statements which are suggested to be, or by reasonable inference might be presumed to be within his knowledge, and not denied by him, it is not the intention of this court to decide. We are, however, clearly of opinion, that where the matter alleged in the bill is not suggested to be within the defendant’s knowledge, nor by any reasonable implication can, from any thing appearing in the bill, be presumed to be so, and more especially when the defendant requires proof it, it cannot properly be considered as confessed or conceded by the defendant ; therefore, there being no proof of the allegation, it is unnecessary for us to decide what ought to be its legal operation were it proved. As to the allegation of the appellee Smith, it is not proved ; and if it were, it could not possibly furnish any ground for relief.
But it has been contended that the trial at law is no bar to relief in equity, and ought not to be regarded by this court unless it had been plead. This point was also contended for, and overruled, in the case of Cunningham vs. Caldwell, though it does not appear in the written opinion. There are certainly cases where such matter ought to be plead; as, for example, where a plaintiff, having a right to sue either at law or in chancery, by reason of both courts having a concurrent jurisdiction, makes his election and sues at law, if he should afterwards proceed in chancery, it could only be taken advantage of by plea: so where a defendant has a de-fence, which he might make either at law or proceed on in chancery, at his election, having made it at law, nothing but a plea could prevent him from proceeding in chancery ; for though it might come out in testimony that such was the true state of the case, yet the testimony must be limited to the points made by the pleadings ; and so far as it goes to support any point not contested or brought into view by the pleadings of the parties, it is irrelevant, and ought to be rejected. Very different, however, is the case where the complainant in his own bill exhibits the case in such a manner as to shew on its face a just bar to the relief prayed ; it is then unnecessary for the defendant to plead, because the matter is shewn and admitted by his adversary. To plead it would only be to give himself a legal opportunity to prove the truth of itf and when it is admitted it need not *176 be proved ; and in this respect it is some what analogqúí to the decisions under the statute of gaming : where there is a bond, which on its lace does not import to have been given for a gaming consideration, the statute must be plead ; but where, in an action of assumpsit, the plaintiff shews the consideration was a gaming one, the statute need riot be plead.--Decree reversed.